# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:07CR00003 |
| v. | OPINION AND ORDER |
| YAYAH TALIB, | By: James P. Jones |
| Defendant. | Chief United States District Judge |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Yayah Talib, Pro Se Defendant.*

The pro se defendant in this criminal prosecution has filed certain dispositive motions, which I will deny.

I

The defendant, Yayah Talib, has filed several pretrial motions. All nondispositive matters have been referred to the magistrate judge for decision. *See* Fed. R. Crim. P. 59(a). The dispositive motions are now ripe for decision.[1]

---

[1] The defendant was previously represented by counsel, but at a pretrial hearing before the magistrate judge on May 22, 2007, he was granted permission to proceed pro se. Upon the government's motion, standby counsel has been appointed. I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

The defendant, a federal inmate, has been charged with conspiring to possess with intent to distribute and to distribute heroin, 21 U.S.C.A. §§ 846, 841(a)(1), 841(b)(1)(c) (West 1999 & Supp. 2007) (Count One of the Indictment), and conspiring to provide and possess contraband (heroin) in prison, 18 U.S.C.A. §§ 371, 1791(a), 1791(b)(1) (West 2000) (Count Two).

The defendant's motions seek to dismiss the Indictment or to inspect the minutes of the grand jury in order to prepare a motion to dismiss. (Dkt. Nos. 45, 89, 91, 95, 102, 129.) The defendant argues specifically that the Indictment should be dismissed on the following grounds: (1) prosecutorial misconduct violating his right to a speedy trial; (2) improper use of hearsay evidence in grand jury proceedings; (3) false testimony of the codefendants and informants before the grand jury; (4) misconduct by correctional guards and other prison staff; and (5) the lack of a specified drug quantity charged in the Indictment. I will address each argument in turn.

In his first Motion to Dismiss, the defendant alleges "prosecutorial misconduct" but fails to provide any further explanation. (Dkt. No. 45.) In a subsequent motion, however, the defendant states that "[t]he Government was reckless in their conduct during the pre-trial hearing conducted on June 11, 2007." (Dkt. No. 91.) Specifically, the defendant claims that because the government and his former attorney failed to

turn over certain discovery in a timely manner, the defendant was forced to forgo his right to a speedy trial and had to request a continuance.

The Supreme Court stated in *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988), that "a district court exceeds its powers in dismissing an indictment for prosecutorial misconduct not prejudicial to the defendant." While there may have been a delay in the delivery of discovery materials to the defendant, I find that dismissal of the Indictment is an inappropriate remedy because the defendant has not shown that he was actually prejudiced by this delay. *See United States v. Hastings*, 126 F.3d. 310, 317 (4th Cir. 1997) (holding that the district judge's dismissal of an indictment due to the prosecution's improper refusal to comply with a discovery order was "an extreme and inappropriate sanction.")

The defendant also contends that the Indictment should be dismissed because it is based upon hearsay testimony. But it is well-established that an indictment based exclusively on hearsay testimony is constitutional. *Costello v. United States,* 350 U.S. 359, 363-64 (1956). The Supreme Court noted in *Costello* that applying a hearsay rule to grand jury proceedings "would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules." *Id.* at 364.

The defendant argues that the Indictment should be dismissed because his codefendants and informants testified falsely during the grand jury proceedings. This argument was also rejected by the *Costello* court when it refused to adopt a rule that would allow "defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence." *Id.*; *see also United States v. Mills*, 995 F.2d 480, 487 (4th Cir. 1993) ("courts lack authority to review either the competency or sufficiency of evidence which forms the basis of an indictment.") In other words, "[C]ourts may not look behind grand jury indictments if returned by a legally constituted and unbiased grand jury." *Mills*, 995 F.2d at 487 (internal quotations omitted).

I also reject the defendant's contention that the Indictment should be dismissed because he was prejudiced by alleged misconduct by prison officials. (Dkt. No. 102.) Specifically, in a letter to the magistrate judge dated June 27, 2007, the defendant claims that his discovery materials were confiscated from his cell and that prison officials have denied him access to the prison's law library. The magistrate judge presently has under consideration a request by the defendant for a order preventing

interference with his trial preparation, and accordingly if there is a problem in that regard it will be remedied.[2]

The defendant similarly contends that a prison official violated his rights by not seeking to discipline the defendant internally before referring the case to the government for prosecution. (Dkt. No. 129.) Specifically, the defendant states "SIS Kilgore had no legal standing or foundation an [sic] (lacked probable cause) to seek outside charges from a different agency by way of the Government's attorney." (*Id*.) Contrary to the defendant's argument, however, the Bureau of Prisons has the discretion to punish a prisoner internally using administrative sanctions or to refer criminal cases to the United States Attorney for prosecution in federal court, or both.

Finally, the defendant claims that the Indictment must be dismissed because it fails to charge him with a specific drug quantity. He contends that drug quantity is an element of the § 841 offense charged in Count One, and thus must be included in the Indictment. But the Fourth Circuit rejected this argument in *United States v. Benenhaley*, 281 F.3d 423, 424 (4th Cir. 2002), stating that "an indictment that charges an unspecified drug quantity suffices to support a conviction under 21 U.S.C. § 841."

---

[2] In a second letter dated July 14, 2007, the defendant made similar claims to those contained in his June 27th letter. In the earlier letter, the defendant only requested that the Indictment be dismissed, whereas, in the second letter, he requested entry of orders preventing alleged interference by prison authorities with his trial preparation. Because the second letter involved nondispositive issues, by an order dated July 17, 2007, it was referred to the magistrate judge and is not presently before this court.

-5-

Case 2:07-cr-00003-JPJ-RSB   Document 144   Filed 08/06/07   Page 5 of 8   Pageid#: 329

Furthermore, as I stated in a recent case, "Facts regarding drug quantity and the presence of serious bodily injury or resulting death that are enumerated in § 841(b) must be submitted to the jury not because they are elements of a crime, but because they are sentencing factors that increase the penalty for a crime beyond the prescribed statutory maximum." *United States v. Jones*, 484 F. Supp. 2d 506, 510-11 (W.D. Va. 2007) (internal quotations and alterations omitted). In short, if the government had charged the defendant under other subsections of § 841(b) that enhance a defendant's sentence beyond the statutory maximum based on drug quantity, the Indictment would have included a specific quantity. But here, the government elected to charge the defendant under § 841(b)(1)(c), a provision that does not require the government to allege a specific drug quantity. Because drug quantity is neither an element of the charged offense nor a mandatory sentencing factor in this case, a specific drug quantity did not need to be charged in the Indictment.

The defendant has also filed two motions to inspect the minutes of the grand jury proceedings. (Dkt. Nos. 45, 89.)[3] Pursuant to Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure, a court may authorize the disclosure of grand jury proceedings, "at the request of a defendant who shows that a ground may exist to

---

[3] The motion docketed as number 45 is both a Motion to Dismiss and a Motion to Inspect the minutes of the grand jury proceedings.

-6-

dismiss the indictment because of a matter that occurred before the grand jury." I find that the defendant has failed to make such a showing. In particular, the defendant's bare allegations of prosecutorial misconduct at pretrial hearings and in the discovery process are insufficient. The defendant has not shown that his need for disclosure outweighs the societal need for secrecy in grand jury proceedings. *See Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979) ( "disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure.")

I will also deny the defendant's motions requesting a pretrial hearing to determine the admissibility of "out of court statements" made by his codefendants (Dkt. No. 117), and the "testamony [sic] by co-conspirators aa [sic] well as any investigating officer (special or otherwise) whose testamonies [sic] were presented before the Grand Jury." (Dkt. No. 86.) I find that these issues are best decided at trial because the admissibility of any out-of-court statements or prior testimony depends on factors not now apparent.

Similarly, I will deny the defendant's request for a pretrial hearing to determine the admissibility of evidence that the government intends to introduce at trial pursuant to Rules 609 and 404(b) of the Federal Rules of Evidence (Dkt. Nos. 87, 97, 118), and the admissibility of other evidence outside the scope of the Indictment. (Dkt. No.

124.)[4] Evidence outside the scope of the Indictment and of prior bad acts or convictions may be relevant at trial, but I also cannot determine the admissibility of such evidence at this time. Consequently, I will deny these motions, but the defendant may object to admissibility at trial.

IV

For the reasons stated, it is hereby **ORDERED** that the defendant's Motion to Inspect and Dismiss (Dkt. No. 45); Motion for Hearing (Dkt. No. 86); Motion to Suppress and Dismiss (Dkt. No. 87); Motion to Inspect (Dkt. No. 89); Motion to Dismiss (Dkt. No. 91); Motion to Dismiss (Dkt. No. 95); Motion to Exclude (Dkt. No. 97); Motion to Suppress (Dkt. No. 99); Motion to Dismiss (Dkt. No. 102); Motion for Hearing (Dkt. No. 117); Motion to Exclude (Dkt. No. 118); Motion to Suppress (Dkt. No. 124); Motion to Quash (Dkt. No. 129); and Motion to Supplement and to Conform to the Evidence (Dkt. No. 131) are **DENIED**.

ENTER: August 6, 2007

/s/ JAMES P. JONES
Chief United States District Judge

---

[4] The defendant has also filed docket number 131 that supplements docket number 124, and docket number 99, another motion seeking to exclude evidence outside the scope of the Indictment. But in docket number 99, the defendant does not specifically request a pretrial hearing to decide the admissibility issue.