# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) Case No. 2:07CR00003 |
| | ) |
| **v.** | )     **OPINION** |
| | ) |
| **YAYAH TALIB**, | ) By: James P. Jones |
| | ) United States District Judge |
|     Defendant. | ) |

*Yayah Talib, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011). Upon review of the record, I find that the motion is without merit and will summarily dismiss it.

I

A grand jury of this court returned a multi-count Indictment charging that Defendant Yayah Talib, his codefendant, Jose Santiago, and others conspired to distribute heroin in the United States Penitentiary Lee County ("USP-Lee"), located in this judicial district. After a jury trial, during which Talib represented himself, he and Santiago were convicted of two counts: conspiracy to possess and

distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (West 1999 & Supp. 2010) (Count One), and conspiracy to provide and possess contraband (heroin) in prison, in violation of 18 U.S.C. § 371 (West 2000) (Count Two). I found that Talib's prior convictions qualified him for an enhanced sentence under the Career Offender guideline, *U.S. Sentencing Guidelines Manual* ("USSG") § 4B1.1, and sentenced him to 262 months in prison.

Talib appealed. Among other issues, he argued that (1) the district court erred in denying his Rule 33 motion based on the government's failure to disclose a codefendant's full criminal history before trial; (2) the district court erred in denying his Rule 29 motion on the ground that the government's notice just before trial–that the physical evidence from Talib's case had been destroyed–violated due process; and (3) the two conspiracy charges against Talib were multiplicitous and violated the Double Jeopardy Clause because they stemmed from the same course of conduct. The United States Court of Appeals for the Fourth Circuit affirmed Talib's conviction and sentence. *See United States v. Talib*, 347 F. App'x 934 (4th Cir. 2009) (unpublished), *cert. denied*, 130 S. Ct. 2363 (2010).

II

In his § 2255 motion, Talib raises three claims: (a) because the two conspiracies arose from the same agreement, the district and appellate court

subjected Talib to double jeopardy by allowing both conspiracy convictions to stand through misapplication of precedent; (b) the prosecutor knowingly allowed her witness to testify falsely about a past conviction; and (c) by notifying standby counsel, rather than Talib himself, of the pretrial destruction of physical evidence, the government deprived Talib of his Sixth Amendment right to represent himself. Talib is not entitled to relief on claims (a) and (b) because key issues in these claims were raised on direct appeal and decided against him by the Fourth Circuit, while claim (c) simply states no constitutional deprivation.

A federal habeas petitioner ordinarily cannot relitigate issues that have already been decided on direct review. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (noting that a § 2255 litigant "will not be allowed to recast, under the guise of collateral attack, questions fully considered" on direct appeal); *Herman v. United States*, 227 F.2d 332 (4th Cir. 1955) (finding that § 2255 motion may not raise questions that were fully considered on appeal). Therefore, the district court may rightfully deny relief as to claims that rely on such decided issues.

A. Double Jeopardy.

The Fourth Circuit expressly held in Talib's appeal that conspiracy to possess contraband in prison and conspiracy to distribute heroin "were not the

3

same offense for double jeopardy purposes." 347 F. App'x at 938. Talib is thus barred from relitigating this issue. *Boeckenhaupt*, 537 F.2d at 1183.

B. False Testimony.

The Fourth Circuit also held that nondisclosure of the codefendant's criminal history did not violate Talib's due process rights because it was not material to his defense. 347 F. App'x at 936. Specifically, the court noted that because the codefendant's testimony about Talib's participation in the conspiracies was merely cumulative and his status as a convicted and newly charged felon was well known to the jury, there was no reasonable probability that impeaching him with his full criminal history would have resulted in a different outcome at trial. *Id.*

Claim (b) alleges knowing use of false testimony, based on the government's failure to correct the codefendant's statement that he had been convicted of "bank robbery" instead of "armed bank robbery." To succeed on such a claim, the defendant must show that the testimony was false and that "'there is [a] reasonable likelihood that the false testimony could have affected the judgment of the jury.'" *Boyd v. French*, 147 F.3d 319, 329-30 (4th Cir. 1998) (quoting *Kyles v. Whitley*, 514 U.S. 419, 433 n. 7 (1995). Because the Fourth Circuit has already decided the materiality question against him, Talib cannot succeed on his false

testimony claim, *Boeckenhaupt*, 537 F.2d at 1183, and I will deny relief accordingly as to claim (b).

C. Self-Representation.

Claim (c) arises from the following evidence as reviewed in the Fourth Circuit's opinion:

> The evidence at trial established . . . that the local police department that maintained physical custody of the heroin mistakenly believed that the federal cases had concluded, and that the police did not inform federal authorities that the evidence had been destroyed until just before Defendants' trial. It was also established that as soon as the Government confirmed that the evidence was destroyed, the Government faxed a letter to Santiago's counsel and Talib's stand-by counsel and, because Talib was housed in the special housing unit at USP-Lee, the Government requested that counsel inform Talib of the situation when they met with him at the prison later that day. Talib does not assert that he was not informed as to the destruction of the heroin promptly after the Government provided such notice to his stand-by counsel.

347 F. App'x at 937-38. Talib now claims that the government's use of standby counsel as the messenger to inform him about destruction of the evidence violated his right to represent himself.

In *Faretta v. California*, 422 U.S. 806 (1975), the Supreme Court recognized that a criminal defendant has a Sixth Amendment right to conduct his own defense, but that the trial court may appoint "standby counsel" to assist the pro se defendant in his defense. "The pro se defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points

5

of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial." *McKaskle v. Wiggins*, 465 U.S. 168, 174 (1984). Standby counsel, while not required to abstain from all unsolicited participation, may not interfere with the pro se defendant's "control over the case he chooses to present to the jury" or "destroy the jury's perception that the defendant is representing himself." *Id.* at 196, 178.

Talib fails to demonstrate any manner in which the government or counsel interfered with his *Faretta* rights as alleged. Using standby counsel to notify him about the destruction of the evidence did not equate to the sort of unsolicited legal assistance from standby counsel that is prohibited in *McKaskle* as unwarranted interference with the right of self-representation. Counsel's action of passing along the notice did not in any way prevent Talib from directing and presenting his defense as he desired. Accordingly, I must deny relief as to claim (c).

III

For the stated reasons, I conclude that the § 2255 motion must be summarily denied as without merit.[1]

---

[1] Rule 4 of the Rules Governing §2255 Proceedings authorizes the court to summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that the defendant is not entitled to relief.

A separate Order will be entered herewith.

DATED: April 27, 2011

/s/ James P. Jones
United States District Judge