# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:07CR00003-001 |
| v. ) | **OPINION AND ORDER** |
| **YAYAH TALIB,** ) | JUDGE JAMES P. JONES |
| Defendant. ) | |

*Whitney D. Pierce, Assistant United States Attorney, Abingdon, Virginia, for United States; Yayah Talib, Pro Se Defendant.*

The defendant has filed a second motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1] I find that he has failed to establish an extraordinary and compelling reason justifying a reduction. It is therefore **ORDERED** that the motion, ECF No. 524, is DENIED.

A jury found Talib guilty of conspiring to distribute heroin in the United States Penitentiary Lee County and conspiring to provide and possess contraband (heroin) in prison. On March 3, 2008, I sentenced Talib to a total term of 262

---

[1] On August 5, 2020, I denied Talib's first motion for compassionate release, finding that he had not presented any extraordinary and compelling reason and noting his "extensive and serious criminal history" and that he "has committed numerous disciplinary infractions and crimes while incarcerated." Order 1, ECF No. 522. Pursuant to a standing order, the Federal Public Defender was appointed with respect to the present motion and was permitted to file a supplemental motion on Talib's behalf, but declined to do so.

months imprisonment, consisting of 240 months on Count One of the Superseding Indictment, to be followed by a partially consecutive term of 60 months on Count Two. Talib, now 53 years old, is currently incarcerated at USP Marion and has a projected release date of June 27, 2032. The basis of his motion is the risk posed to him by the COVID-19 pandemic.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018. Although I may not reduce the defendant's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant.

Talib's medical records reveal that he has hypertension, high cholesterol, glaucoma, an enlarged prostate, and only one kidney. Despite these health conditions, he contracted COVID-19 in October 2020, experienced a brief and apparently mild illness, and has fully recovered. The record contains no evidence that he suffered any complications from the virus.

Additionally, Talib's prior infection should provide him with some level of protection against serious illness if he were to become reinfected. Currently available data indicates that while it is possible for a person to who has already had COVID-19 to become reinfected, reinfection remains rare. Centers for Disease Control & Prevention, *Reinfection with COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (Oct. 7, 2021). The available evidence suggests that most people who have had COVID-19 have some level of natural immunity following their recovery, although this natural immunity may not be as robust as the protection provided by a vaccine. Centers for Disease Control & Prevention, *New CDC Study: Vaccination Offers Higher Protection than Previous COVID-19 Infection*, https://www.cdc.gov/media/releases/2021/s0806-vaccination-protection.html (Oct. 7, 2021).

Moreover, Talib's medical records indicate that he denied the offer of a COVID-19 vaccine. I therefore conclude that his fears about COVID-19 do not create an extraordinary and compelling reason for his release.

ENTER: October 8, 2021

/s/ JAMES P. JONES
Senior United States District Judge