CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
December 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) Case No. 2:07CR00003-001 |
| v. | ) **OPINION AND ORDER** |
| **YAYAH TALIB,** | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Yayah Talib, Pro Se Defendant.*

The defendant, Yayah Talib, has filed a fifth motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons discussed below, his motion will be denied.

I.

On November 8, 2007, a jury found Mr. Talib guilty of conspiring to possess with intent to distribute or to distribute heroin (Count One of the Superseding Indictment), in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), and conspiring to provide and possess contraband (heroin) in a prison (Count Two), in violation of 18 U.S.C. §§ 371, 1791(a)–(b)(1). On March 3, 2008, I sentenced Mr. Talib to a total term of 262 months imprisonment, consisting of 240 months on Count One, to be followed by a partially consecutive term of 60 months on Count Two. His convictions and sentence were affirmed on appeal. *United States v. Talib*, 347 F.

App'x 934 (4th Cir. 2009) (unpublished).[1]  Mr. Talib, now 57 years old, is currently incarcerated at FCI Greenville and has a projected release date of August 20, 2032.

Mr. Talib has previously filed four Motions for Compassionate Release, all of which have been denied by this court.  *United States v. Talib*, No. 2:07CR00003-001 (W.D. Va. Aug. 5, 2020), Dkt. No. 522; 2021 WL 4702420 (W.D. Va. Oct. 8, 2021), *aff'd*, No. 21-7719, 2022 WL 1641290 (4th Cir. May 24, 2022); 2022 WL 3221290 (W.D. Va. Aug. 9, 2022), *aff'd*, No. 22-6955, 2023 WL 334407 (4th Cir. Jan. 20, 2023); Min. Order, Oct. 5, 2023, Dkt. No. 586.  On October 8, 2025, Mr. Talib filed his fifth Motion for Compassionate Release, which is now ripe for review.

II.

The statute governing compassionate release provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A).  Notwithstanding a finding of extraordinary and compelling reasons for reduction, the court must still consider whether the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) favor relief.  *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).  Such factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the

---

[1] Mr. Talib was sentenced in 2000 to 180 months imprisonment by the United States District Court for the Middle District of Pennsylvania after a conviction for carjacking. The sentence imposed by this court was directed to run consecutively to that sentence. J., Mar. 5, 2008, Dkt. No. 370.

sentence to provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with effective correctional treatment. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (citing § 3553(a)).  A defendant seeking compassionate release has the burden of establishing that relief is warranted. *United States v. Bryant*, 720 F. Supp. 3d 450, 455 (W.D. Va. 2024).

### III.

Mr. Talib seeks compassionate release based on his rehabilitative efforts, contributions to the community, and for taking accountability for his criminal conduct.  Although I commend the efforts Mr. Talib has taken to overcome his drug addiction, support disadvantaged youth, and one day become a productive member of society, I find that the sentencing factors weigh heavily against release.

As I discussed in a prior decision, 2022 WL 3221290, at *2, Mr. Talib has a lengthy history of engaging in criminal activity that continued even throughout his incarceration, including orchestrating an elaborate drug distribution scheme involving other inmates and individuals outside of prison.  While I acknowledge that Mr. Talib has finally taken responsibility for the harm he has caused himself and others, I find that his repeated criminal conduct, combined with the need to afford adequate deterrence and protect the public, warrant against release.

IV.

For the foregoing reasons, it is **ORDERED** that the Motion for Sentence Reduction, Dkt. No. 599, is DENIED.

ENTER:  December 18, 2025

/s/  JAMES P. JONES
Senior United States District Judge